We granted a rehearing in this matter for the purpose of reconsidering the quantum of damage awarded to the plaintiff in our original decree. This damage was fixed by us at the sum of $950.
Plaintiff was bitten by the defendant's dog on two separate occasions, to wit, September 17th, 1937, and April 21st, 1938. The trial court awarded $350 damages for the injuries she received on April 21st, 1938, but refused to hold the defendant liable for the injuries sustained by plaintiff on the first occasion. This award included plaintiff's doctor's bill, amounting *Page 533 
to $50, so that the compensatory damages fixed by the judge amounted to $300. After a hearing in this court, we concluded that the judge was right in holding defendant liable for the injuries received by plaintiff on April 21st, 1938, but that he erred in not permitting her to recover for the damage she sustained when she was bitten on September 17th, 1937. Accordingly, the judgment was increased so as to include the damages to which plaintiff was entitled as a consequence of the first dog bite, for which the district court had denied recovery.
As pointed out in our original opinion, the first dog bite was far more serious than the second one. Plaintiff underwent the Pasteur treatment and contracted a doctor's bill amounting to $150. The amount of our allowance for the injuries received on the first occasion was $600, which included the $150 doctor's bill. Hence, the compensatory damages were fixed at $450, or only $150 more than the amount awarded by the trial court for the second, or less injurious, dog bite.
Counsel for defendant have cited an array of authorities in dog bite cases where the allowances have ranged from $100 to $760. On the other hand, counsel for plaintiff cite other cases where the awards vary between $500 to $2,000. Obviously, the divergence in the awards which have been given in the past afford no particular standard or gauge by which the court may be guided in determining the amount of damage to which the plaintiff is entitled. Here, there were two injuries received on separate and distinct occasions and plaintiff has the right to be compensated for both. We have often said, and we again repeat, that prior awards in damage suits cannot be rigorously followed in determining and fixing the amount of compensatory damages to be given in a specific case. Each matter must stand upon its own bottom. This is because the same type of injury may produce greater or lesser effects when it is inflicted upon different individuals. For example, it is generally well established in the jurisprudence, that the quantum of damages recoverable for simple contusions and bruises without any specific disability ranges from $250 to $500, depending upon the facts of the particular case.
In the instant matter, the trial judge awarded the plaintiff $300 for the second dog bite which, admittedly, was not as injurious as the first one. Therefore, when we decided that plaintiff was also entitled to recover for the injuries she received on the first occasion, it was conformable with natural justice to fix her damages for an amount in excess of $300, as we felt that the amount of $300, which had been given by the trial court for the second bite, was approximately correct. Therefore, after considering the pain, suffering and mental anguish plaintiff endured as the result of injuries she sustained on the first occasion, we concluded that an award of $450 would be proper.
A review of the evidence in the case convinces us that the allowance is reasonable and represents fair compensation to plaintiff for the injuries inflicted by the dog of the defendant.
For the reasons assigned, our original opinion and decree are now reinstated and made the final judgment of this court.
Original decree reinstated.